# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00065-CR

**Humberto Zuniga, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-07-302202, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Humberto Zuniga guilty of manslaughter and assessed his punishment at twenty years' imprisonment. *See* Tex. Penal Code Ann. § 19.04 (West 2003). In a single point of error, appellant contends that the trial court erred by admitting a certain photograph in evidence. We overrule this contention and affirm the conviction.

On the night of September 7, 2007, there was a party at the apartment appellant shared with his girlfriend and their infant son. One of the persons at the party was Jesse Sanchez. After midnight, and soon after Sanchez had left the party, appellant noticed that money and cocaine were missing. Appellant armed himself with a pistol and went looking for Sanchez, who he believed was the thief. Appellant found Sanchez in the alley behind the apartment complex and, during the ensuing confrontation and struggle, appellant fatally shot Sanchez in the neck. Appellant was indicted for murder, but the jury convicted him of the lesser included offense of manslaughter.

Appellant urges that the trial court erred by admitting State's exhibit 79, a photograph of a young man identified only as Johnny, the ex-boyfriend of appellant's girlfriend's cousin. In the photograph, Johnny is holding a semi-automatic pistol in one hand and making a gang sign with the other. The photograph was taken in the kitchen of appellant's apartment during a party on August 31, 2007, one week before the fatal shooting.[1] Appellant contends that this exhibit should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Tex. R. Evid. 403.

The photograph was offered by the State during its cross-examination of appellant at the punishment stage. In response to questions by defense counsel, appellant had testified to his eligibility for probation, his rehabilitative activities while in jail awaiting trial, and his resolve to end his involvement with gangs and drugs. During cross-examination, appellant acknowledged that he had regularly had parties at his apartment during which alcohol and marihuana were consumed. Appellant identified another photograph of Johnny, also taken in his kitchen on August 31, in which Johnny is making the gang sign with both hands. This photograph was offered and admitted as State's exhibit 78 without objection. In response to further questions by the prosecutor, appellant admitted that Johnny had brought a gun to the party in question. Appellant then identified the challenged photograph, and it was admitted in evidence over appellant's rule 403 objection. We review the trial court's decision to admit the photograph for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

---

[1] Appellant erroneously asserts that the time and place of the photograph were not proved. In fact, the photograph is date-stamped August 31, 2007, and appellant himself acknowledged at trial that it was taken in the kitchen of his apartment.

Among the factors that have been held to be relevant in a rule 403 analysis are: (1) the probative value of the evidence; (2) the potential for the evidence to impress the jury in an irrational but indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). In applying these factors, we must consider that the photograph was admitted at the punishment stage of appellant's trial. The task of assessing punishment within the prescribed range is a normative judgment that usually does not depend on the determination of discrete facts. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). By statute, a trial court may admit evidence as to any matter it deems relevant to sentencing, including the defendant's character. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2009).

Appellant argues that the photograph in question had the potential for confusing the issues, given that it was a picture of a person who was not present on the night of the charged offense, who was holding a weapon that was not involved in the charged offense, and who had only a marginal connection to appellant. Appellant asserts that by suggesting a connection between appellant and Johnny's weapon, the photograph had the potential to impress the jury in an irrational way. The State responds that the photograph was evidence of appellant's character, showing that he permitted the carrying and display of weapons in his residence. The State further argues that the photograph served to rebut appellant's testimony that he had moved to Austin from Corpus Christi to escape the influence of gangs. The State notes that little time was devoted to the admission of the photograph, which was not mentioned thereafter, even during final arguments.

3

Considering the record in light of the factors listed in *Shuffield* and the trial court's discretion under section 3 of article 37.07, we hold that the court did not abuse its discretion by admitting exhibit 79 over appellant's rule 403 objection. The trial court could reasonably conclude that the probative value of the photograph as punishment evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Finally, appellant admitted being a gang member and that other gang members attended parties in his apartment, sometimes armed. Appellant also admitted using and selling marihuana and cocaine, and he testified that he purchased the pistol he used to kill Sanchez from a drug addict. In light of this other evidence, we are confident that the admission of the photograph did not substantially affect the jury's punishment decision even if it was an abuse of the trial court's discretion. *See* Tex. R. App. P. 44.2(b).

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   January 26, 2010

Do Not Publish